UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, JR., | No. 2:16-cv-1281 MCE KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DR. MATOLON, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff filed an amended complaint.

I. Application to Proceed in Forma Pauperis

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned recommends summary dismissal of the complaint.

II. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
10  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
11  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
12  1227.
13       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
14  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
15  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
16  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
17  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
18  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
19  sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific
20  facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what
21  the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93
22  (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).
23  In reviewing a complaint under this standard, the court must accept as true the allegations of the
24  complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most
25  favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
26  grounds, Davis v. Scherer, 468 U.S. 183 (1984).
27  ////
28  ////

2

III. Amended Complaint

Plaintiff names Dr. Matolon, a mental health supervisor at the California Correctional Health Care Services ("CCHCS"), as the sole defendant. However, plaintiff alleges that Dr. Matolon and her employers conspired to interfere with, and violate, plaintiff's civil rights by not following regulations and California law concerning the security of sensitive and confidential medical records. (ECF No. 6 at 3.) Plaintiff alleges that the CCHCS[1] "willfully allowed its employers to access, store confidential data on unencrypted laptops and computers with impunity." (Id.) Plaintiff claims his allegations are "beyond the scope of negligence" because the acts were taken "deliberately," and were "against the law." (Id.)

Plaintiff alleges his injuries are discrimination against a prisoner by "conspiring to violate" his equal protection rights and by not protecting his confidential information as required by law, and by the deprivation of his personal and confidential information without due process, in violation of the Fourteenth Amendment. (ECF No. 6 at 3, 5.) He seeks money damages.

Appended to plaintiff's amended complaint is a copy of the May 16, 2016 letter to plaintiff from CCHCS, advising him that a password-protected, but unencrypted, laptop was stolen from a CCHCS workforce member's personal vehicle, and that:

> We do not know if any sensitive information was contained in the laptop. To the extent any sensitive information may have been contained in the laptop, we do not know if the information included any of your information. If your information was included, the nature of the information may have included confidential medical, mental health, and custodial information.

(ECF No. 6 at 8.)

////

---

[1] Plaintiff could not amend to name CCHCS as a defendant because state agencies, such as CCHCS, are immune from suit under the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities).

3

IV. <u>Standing</u>

Article III of the Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. "'One element of the case-or-controversy requirement' is that plaintiff [ ] 'must establish that [he has] standing to sue.'" <u>Clapper v. Amnesty Int'l USA</u>, 133 S. Ct. 1138, 1146 (2013) (quoting <u>Raines v. Byrd</u>, 521 U.S. 811, 818(1997)). To satisfy Article III standing, plaintiff must have suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992) (citations omitted) (internal quotation marks, brackets and ellipses omitted).

"HIPAA itself does not provide for a private right of action." <u>Webb v. Smart Document Solutions, LLC</u>, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action.")).

While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." <u>Krottner v. Starbucks Corp.</u>, 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); <u>Clapper</u>, 133 S. Ct. at 1147 ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted). Plaintiff's allegations are based upon a notification which states that it is unknown whether *any* sensitive information is contained in the laptop and that even if there is sensitive information in the laptop, the scope of the information, including whether any of plaintiff's information is contained therein, is unknown. In other words, whether plaintiff's sensitive information has been compromised is

4

unknown. Plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information. Thus, his claim for violation of his constitutional right to informational privacy should be dismissed without prejudice for lack of standing. See Fleck & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

V. Potential State Law Claims

In his declaration, plaintiff asserts that under California Code of Regulations, Title 11, Section 999.129, all laptops are to be encrypted. (ECF No. 7 at 3.) However, any violation of state tort law, state regulations, rules and policies of the department of corrections, or other state law, is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal Constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

Because plaintiff lacks standing to pursue his federal claims, this court declines to exercise supplemental jurisdiction over any putative state law claim.[2] Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction).

VI. No Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely

---

[2] The court takes no position on whether plaintiff would be able to successfully pursue his claims in state court.

clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff lacks standing and that amendment would be futile because the notification on which plaintiff's allegations are based establishes only speculative injury that is neither real nor immediate.  Because plaintiff lacks standing to pursue his federal claims, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims and dismiss the complaint in its entirety.

VII.  Conclusion

The undersigned recommends that the complaint be dismissed without prejudice because the facts show, at most, that plaintiff's sensitive information might have been stolen.  Thus, plaintiff's injury is too speculative to support a claim.  Because the undersigned recommends that plaintiff's federal claims be dismissed, the court should also decline to exercise supplemental jurisdiction over plaintiff's state law claims.

IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis is granted; and

IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 9, 2016

/gonz1281.56

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6